# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2013

Lyle W. Cayce
Clerk

No. 12-50769
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUFINO VILLA MUNOZ, also known as Rufino Munoz,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-72-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rufino Villa Munoz appeals the sentence imposed for his guilty plea conviction for being a felon in possession of a firearm. As part of the factual basis for his plea, Munoz admitted that he fired a shotgun twice while riding in a car in pursuit of another vehicle containing his brother and his brother's wife. The district court found that Munoz's use of the firearm occurred in connection with the commission of attempted first degree murder. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore applied a cross-reference to the guideline for attempted first degree murder under U.S.S.G. § 2A2.1(a)(1) and assessed a base offense level of 33.

Munoz argues that his actions did not amount to attempted first degree murder because he fired at his brother's vehicle in a sudden rage following heated exchanges with his brother. According to Munoz, his actions amounted at most to attempted second degree murder because they were not premeditated. The district court's factual findings under the Guidelines are reviewed for clear error. *See United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007).

"The amount of time needed for premeditation of a killing depends on the person and the circumstances" but "must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent." *United States v. Snarr*, 704 F.3d 368, 389 (5th Cir. 2013) (internal quotation marks and citation omitted). While "there must be some appreciable time for reflection and consideration before execution of the act," there is no requirement of a "lapse of days or hours or even minutes." *United States v. Shaw*, 701 F.2d 367, 393 (5th Cir. 1983) (internal quotation marks and citation omitted). The evidence reflects that Munoz got in a car and willfully sought out his brother and his brother's wife before firing on them. The district court's finding was plausible in light of the record and therefore not clearly erroneous.

AFFIRMED.